The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY MCDERMED AND JAMES MCDERMED,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Civil Action No. 3:22-cv-5724-BJR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

## I.   INTRODUCTION

Plaintiffs, owners of a residential property insured by Defendant SafeCo Insurance Company, brought suit against Defendant for breach of contract, violation of duty of good faith, negligent claims handling, violation of the Washington Consumer Protection Act (RCW § 19.86.090), and violation of the Insurance Fair Conduct Act ("IFCA") (RCW § 48.30.015), seeking an injunction, damages, and a declaratory judgment. Defendant has moved to dismiss Plaintiffs' breach of contract and IFCA claims.[1]  Having reviewed the motion, the opposition thereto, the

---

[1] Defendant also moves to dismiss Plaintiffs' request for a declaratory judgment, which overlaps with their breach of contract claim.

1

record of the case, and the relevant legal authorities, the Court will deny Defendant's motion to dismiss. The reasoning for the Court's decision follows.

## II.  BACKGROUND

Plaintiffs allege that their home was damaged by a fire on February 1, 2021. Amended Compl., Dkt. 5 at 2 ¶¶ 14-15. There is no dispute that Plaintiffs' SafeCo policy (the "Policy") covers the damage to Plaintiffs' home. *Id.* at 3 ¶ 19; Def. Reply, Dkt. 10 at 4. In addition to compensation for property damage, the Policy provides for "additional living expense" coverage that pays for the policyholder to find temporary housing while a property is being repaired. Amended Compl., Dkt. 5 at 3 ¶¶ 20, 23.

Plaintiffs allege that Defendant "has failed to pay sufficient benefits to restore the home to its pre-loss condition." *Id.* ¶¶ 21, 23, 28. Plaintiffs also allege that Defendant "failed to explain . . . [Plaintiffs'] rights and benefits under the policy," "failed to timely communicate with plaintiffs," and "failed to . . . assist [Plaintiffs] in maintaining their normal standard of living [while their home was uninhabitable]." *Id.* ¶¶ 24-26. According to Plaintiffs, their home remains "heavily damaged" and uninhabitable and their "claim has not yet been resolved." *Id.* ¶¶ 22, 28-29.

Plaintiffs filed their initial complaint on September 29, 2022. Initial Compl., Dkt. 1. On the same day, Plaintiffs mailed a notice of their intent to file an IFCA claim to Defendant and the state insurance commissioner, in accordance with the statute's requirements. Pl. Opp'n, Dkt. 9 at 5. The IFCA deems such notices to be received three business days after they are mailed, and thus the parties agree that the notice was received by Defendant on October 4, 2022. *Id.*; Def. Reply, Dkt. 10 at 10. Plaintiffs' original complaint contained a heading for "Violation of the [IFCA]" with only "[Reserved]" underneath it. Initial Compl., Dkt. 1 at 9. On October 24, 2022, Plaintiffs filed an amended complaint that replaced "[Reserved]" with allegations of an IFCA violation. Amended Compl., Dkt. 5 at 9.

### III.   DISCUSSION

Upon a motion by a defendant, dismissal is appropriate if the complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  On a motion to dismiss under Rule 12(b)(6), the Court will accept all of plaintiff's plausible allegations as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**A.   Breach of Contract Claim**

Defendant argues that Plaintiffs' breach of contract claim must be dismissed because the Policy contains a provision that requires any action under the contract to be brought within one year of the "inception of the [property] loss or damage," and it is undisputed that Plaintiffs filed this action over a year after the damage occurred on February 1, 2021.  Dkt. 8-2 at 11-13; *see* Initial Compl., Dkt. 1 (filed Sept. 29, 2022).  It is also undisputed that Washington statute permits so-called suit-limitation provisions, as long as the limitations period is "less than one year from the date of the loss."  RCW § 48.18.200(c).  The statute reads:

> [N]o insurance contract . . . shall contain any condition . . . limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances.  In contracts of property insurance . . . such limitation shall not be to a period of less than one year from the date of the loss.

*Id.*  Plaintiffs implicitly concede that the Policy's suit-limitation provision complies with the statute but nevertheless argue it should not be enforced in this case on the grounds of estoppel, unconscionability, and Defendant's material breach of the contract.  Pl. Opp'n, Dkt. 9 at 9.

3

In Washington, equitable estoppel requires allegation of: "(1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act." *Dombrosky v. Farmers Ins. Co. of Wash.*, 84 Wash. App. 245, 256 (1996) (quoting *McDaniels v. Carlson*, 108 Wash.2d 299, 308 (1987)). "In an insurance context, estoppel precludes an insurer from asserting a right where it would be inequitable to permit the assertion." *Mendoza v. Farmers Ins. Co. of Wash.*, 130 Wash. App. 1033, 2005 WL 3113048, at *9 (2005) (citing Buchanan v. Switz. Gen. Ins. Co., 76 Wn.2d 100, 108 (1969)). Plaintiffs note that "Washington has long recognized that an insurer cannot enforce a suit limitation period where the insurer 'induce[s] the plaintiff to believe that there had been no final decision in regard to the adjustment of the loss' or that 'the question of adjustment was an open one.'" Pl. Opp'n, Dkt. 9 at 10 (quoting *David v. Oakland Homes Ins. Co.*, 11 Wash. 181, 185 (1895); *see also id.* (citing more recent cases affirming this rule).

Here, Plaintiffs have alleged, and Defendant does not dispute, that "Plaintiffs' claim has yet to be resolved" and Defendant continues to adjust the claim and engage in negotiations. Amended Compl., Dkt. 5 at 3 ¶ 29; *see also* Def. Reply, Dkt. 10 at 4 ("Safeco has not denied coverage for the loss and continues to adjust the claim."). In other words, it is undisputed that "the question of adjustment is an open one." *David*, 11 Wash. at 185. When an insurance company "[leads] the insured to believe that his rejection was not final," it can reasonably "cause[] the insured to refrain from filing suit." *Mendoza*, 2005 WL 3113048, at *10 (citing *Dickson v. United States Fid. & Guar. Co.*, 77 Wn. 2d 785, 788 (1970)). Plaintiffs' allegations are sufficient to raise a question of fact as to whether Defendant's actions reasonably led Plaintiffs to refrain from filing suit within the one-year limitations period. *Id.* at *9 ("Unless only one reasonable inference can be drawn from

the evidence, estoppel is a question for the triers of the facts." (quoting Colonial Imports, Inc. v. Carlton Nw., Inc., 121 Wn.2d 726, 737, 853 P.2d 913 (1993))).  Accordingly, dismissal of Plaintiffs' breach of contract claim is inappropriate, and Defendant's motion to dismiss this claim is denied.  The Court need not consider Plaintiffs' arguments regarding unconscionability and a material breach of the contract.

**B.     IFCA Claim**

The IFCA requires that, "[t]wenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. . . . The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed." RCW § 48.30.015(8)(a).  If the insurer fails to cure or resolve the claimed violations within the 20-day period, the insured may bring suit without any further notice.  *Id.* § (8)(b).

"Nothing in the IFCA prevents a plaintiff from amending a complaint to add an IFCA claim—even if the IFCA claim is based on facts already in the complaint." *Stellar J Corp v. Unison Solutions, Inc.*, C12-5982-RBL, 2013 WL 1499151, at *3 (W.D. Wash. Apr. 11, 2013).  As noted above, the parties agree that Plaintiffs mailed the proper notice to IFCA on September 29, and that it was received on Oct 24 (allowing the three days for mailing provided by statute).  At the same time, on September 29, Plaintiffs filed their first complaint including therein a section entitled IFCA claim under which there were no allegations but rather only the word "reserved."  Further, on October 24, Plaintiffs filed an amended complaint which contained their IFCA claim.  Amended Compl. Dkt. 5.  Defendant contends that the IFCA claim in Plaintiffs' amended complaint must be dismissed.  Defendant reasons that since Plaintiffs included an IFCA heading in their first complaint without having complied with the notice provisions of RCW, Plaintiffs' inclusion of an IFCA claim

in their amended complaint constitutes an "end run around the statute." Def. Mtn. to Dismiss, Dkt. 7 at 9-10.

Defendant's argument is specious at best. It is clear to the court that Plaintiffs' original complaint included its IFCA as a placeholder. Defendant cites no case or statutory authority to suggest that Plaintiffs' procedure violates the notice requirement. The purpose of the 20-day notice is to allow the insurer an opportunity to resolve the policyholder's grievance. *See* RCW § 48.30.015(8)(b). The fact that Plaintiffs included an IFCA heading in their complaint did nothing to compromise this opportunity. Lacking any allegations, there was no claim that Defendant would have been required to answer or defend against. It was not until the amended complaint that Plaintiffs set out their IFCA claim, having complied with the statutory notice requirements

Moreover, Plaintiffs' original complaint brought several other claims—most of which Defendant has not moved to dismiss—that Plaintiffs were undisputedly permitted to file on September 29 without notifying Defendant first. *See generally* Initial Compl., Dkt. 1. It is thus unclear what "end-run" around the statute Defendant believes Plaintiffs are attempting. There is no allegation that Plaintiffs would be outside the statute of limitations for an IFCA claim had their action been filed on the date of the amended complaint rather than the original complaint. There is likewise no indication that compliance with the notice requirement was an afterthought that Plaintiffs belatedly tried to cure with their amended complaint, as Plaintiffs mailed the notice on the same day that they filed the original complaint and deliberately left the IFCA section blank for exactly 20 days.[2] Accordingly, the Court finds that Plaintiffs complied with the IFCA notice requirement, and Defendant's motion to dismiss is denied as to the IFCA claim.

---

[2] Defendants have also not persuaded the Court that Plaintiffs' filing their amended complaint at the end of the 20th day (October 24, 2022) rather than the day after the 20th day (October 25, 2022), which amounts to a difference of only a few hours, represents noncompliance with the statute.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 7) is DENIED.

DATED this 2nd day of February, 2023.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE